**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**YVETTE HOBZEK**

    **Plaintiff**, **Individually and on**　　　　　　Civil Action: 1:16-cv-1058
    **Behalf of all Others Similarly Situated,**

**v.**

**HOMEAWAY.COM, INC.,**

**VRBO.COM, INC.**

    **Defendants.**

---

## CLASS ACTION COMPLAINT

Plaintiff Yvette Hobzek, individually, and on behalf of all others similarly situated, by and through her counsel Emejuru & Nyombi L.L.C, brings this action against HOMEAWAY.COM INC., ("HOMEAWAY") and VRBO.COM INC. ("VRBO"). For her complaint, Plaintiff respectfully avers as follows:

### NATURE OF THE ACTION

1. This action is necessary to protect the civil rights of Plaintiff, individually, and all others similarly situated who have been systematically injured by the pertinent discriminatory acts or practices committed by the above named Defendants, their agents, representatives, and servants of any type.

2. This action is necessary and increasingly important to protect the civil rights of Plaintiff and all others similarly situated that participate in the ever expanding

1

"sharing economy," in which mostly web based businesses connect people offering goods and services with other people who want to pay for them.

3. The above name Defendants participate in the sharing economy by offering consumers like Plaintiff the ability to "rent a house for half the price of a hotel."

## JURISDICTION

4. Personal jurisdiction exists over Defendants as they conduct business and have the necessary minimum contacts within the State of Texas. The Defendants' principal offices are located in this judicial district.

5. Subject matter jurisdiction exists through diversity jurisdiction pursuant to 28.U.S.C. § 1332 as the action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

6. This court has jurisdiction over the federal claims asserted herein pursuant to the Class Action Fairness Act, 28, U.S.C. § 1332(d)(2) as the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. Further, this is a class action in which some members of a class of plaintiffs are citizens of a state different from that of the Defendants.

7. Federal question jurisdiction exists because this lawsuit is brought under federal laws pursuant to 28 U.S.C. §1331

## VENUE

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) as Defendants reside and conduct business in this judicial district and have principal offices in this judicial district.

## **PARTIES**

9. Plaintiff Yvette Hobzek is a resident of the State of Washington.

10. Defendant HOMEAWAY.COM INC. is a duly registered business incorporated in the State of Texas and its principal offices are located at 1011 W 5th Street, Austin, TX 78703-5311.

11. Defendant VRBO.COM INC. is a duly registered business incorporated in the State of Texas and its principal offices are located at 211 E 7th Street, Suite 620, Austin, TX 78701-3218.

12. Upon information and belief, Defendant VRBO Inc. was in acquired in November 2006 and is now owned by Defendant HOMEAWAY INC.

## **FACTUAL ALLEGATIONS**

13. Plaintiff Yvette Hobzek is a 49-year-old African American real estate professional.

14. During the summer[Insert approximate dates] of 2016, Plaintiff began making travel plans for a family vacation to New York City, New York, at the request of her 87-year-old mother who wished to celebrate the monumental birthdays of her 3 children that were turning 50, 65, and 70-years-old, respectively.

15. On or about June 23, 2016, Plaintiff accessed Defendants' accommodation website www.vrbo.com that is operated by www.homeaway.com to search for accommodations in New York City for her and her immediate family.

16. Defendants' accommodation options offered on their online platform were considerably less expensive and contained a more expansive inventory available for the family members she intended to travel with on the vacation.

17. Before she was able to secure accommodations online, Defendants' mandated that Hobzek interact and identify herself online to their property agent. Specifically, Defendants required Ms. Hobzek to fully identify herself to the agent online by disclosing her biological first and last name and to specifically articulate her reasons for seeking accommodations from the Defendants.

18. On or about June 29, 2016, Ms. Hobzek identified herself online using her biological first and last name and stated her reasons for seeking accommodations from Defendants in Harlem, New York.

19. On or about June 29, 2016, Ms. Hobzek indicated to Defendants' agent that she needed accommodations in New York City for four nights in October 2016 for up to eight guests.

20. On June 30, 2016, Ms. Hobzek saw that the property was still available on Defendants' website. As a result, Ms. Hobzek used the "instant book" option and sent in all required payments for the listing.

21. On June 30, 2016, Ms. Hobzek received correspondence from Defendants' agent indicating that the property was "unavailable."

22. On July 1, 2016, Ms. Hobzek called Defendants directly to tell them that her accommodations request was declined. However, she indicated to Defendants that she did not understand why the property was still available and continued to remain listed on their website as available.

23. Defendants' customer service agent or representative told Ms. Hobzek to contact Defendants' property agent directly because perhaps their agent was unaware that

he had rejected the same individual that inquired about the townhome property on June 29, 2016. Defendants provided Plaintiff with their agents contact information.

24. On July 1, 2016, Ms. Hobzek spoke to Defendants' representative and explained to him that she was the same individual that sent him the initial reservation request on June 29, 2016. Defendants' agent acknowledged receiving the reservation request from Hobzek and knew that Hobzek was the same individual that requested to reserve the brownstone property for October 2016 dates.

25. On July 1, 2016, Defendants' agent indicated to Ms. Hobzek that he did not rent to "[her] kind." Hobzek immediately told Defendants' agent that he could not reject her because of her race. However, the agent stated that he could do whatever he wanted to because he was the designated agent for the townhome property listed on Defendants' accommodations website. Hobzek immediately hung up and contacted Defendants' corporate offices.

26. The accommodations originally sought by Hobzek for October 2016 would continue to remain listed on Defendants' website as available.

27. On July 1, 2016, Defendants sent Ms. Hobzek a complaint form. She filed her formal complaint alleging race discrimination by Defendants' agent on July 14, 2016.

28. On August 7, 2016, Defendants contacted Ms. Hobzek via a random marketing solicitation for accommodations in New York City for the dates in October 2016. Coincidentally, the "featured property" shown by Defendants to Hobzek was the same property that she was rejected because of her race.

5

29. On August 7, 2016, Hobzek contacted Defendants again. The customer service representative informed Plaintiff that Defendants encouraged their property agents or representatives to use social media sites like "Facebook" to locate and identify prospective renters in a similar fashion as conducting a "background check." Subsequently and without coincidence, Ms. Hobzek would see Defendants' agent appear on her Facebook page as a potential 'friend' as a result of Facebook's data algorithms.

30. The Defendants' customer service representative further prohibited Ms. Hobzek from leaving a customer service review for the property on their website because Hobzek never completed her booking or stayed at the property for which she was rejected. As a result, she was unable to speak out about the discrimination from Defendants' agent.

31. To date, Ms. Hobzek has been relegated to booking a hotel at a much higher price and limited room options for her family celebration.

32. Upon information and belief, the same injury has been suffered by persons similarly situated to Ms. Hobzek at the hands of Defendants.

33. This same injury has not been suffered by members outside of the protected class.

34. Defendants operate as public accommodations and provide the same services as hotels, motels or lodgings. Defendants' agent had no legitimate reason for denying Ms. Hobzek accommodations in the pertinent vacation rental property in New York City. Any asserted reasons were a mere pretext for discrimination.

35. At all times pertinent to this action Defendants have not put in place policies and procedures to address grievances and complaints of racial discrimination brought

by its customers against its agents, representatives, servants, or brokers which has resulted into a continuous cycle flouting fundamental civil rights laws.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of herself and all others similarly situated under Rule 23 of the Federal Rules of Civil Procedure. She seeks to represent the class of all persons who, in the past, present and future, are unable to secure public accommodations through use of Defendants website platform.

37. Plaintiff maintains that pursuant to FRCP 23, the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class; the claims or defenses of the representative party are typical of the claims or defenses of the class; and the representative party will fairly and adequately protect the interests of the class.

38. There are many persons (approximately in the thousands), both in Plaintiff's residential district, in regions surrounding Defendant and nationwide who are similarly situated that have been affected and the question to be determined is one of common and general interest to many persons constituting the class to which Plaintiff belongs and the group is so numerous as to make it impracticable to bring them all before the Court, for which reason Plaintiff initiates this litigation for all persons similarly situated pursuant to FRCP 23.

39. Joinder is impracticable because membership in the putative class is fluid. Upon information and belief, there are thousands of potential plaintiff's in making it impractical to bring them before this Court. All plaintiffs participate daily in the

new age of the sharing economy, including that of Defendants HOMEAWAY.com Inc. and VRBO.com Inc.

40. Upon information and belief, Defendants require each person using its accommodations platform to provide their real or biological names, other identifiable personal information, and to articulate specific reasons for needing public accommodations in order to secure public accommodation.

41. Upon information and belief, there have been numerous persons in the protected class, specifically African Americans, in Plaintiff's residential district and in regions surrounding Defendants who are similarly situated and required to use their real or biological names, other identifiable data, and to articulate specific reasons for the public accommodations, in order to secure public accommodations through Defendants. As a result of such discriminatory policy or practice, the parties in the protected class were outright rejected for public accommodations by Defendants.

42. The named Plaintiff's claims are typical of the claims of the putative class members, and they have the same interests as all other members of the putative class that they represent. The named Plaintiff's claims arise from the course of conduct as claims of the putative class, and their claims are based on the same legal theories as those of the putative class.

43. Upon information and belief, there have been numerous persons in the protected class, specifically African Americans, in Plaintiff's residential district and in regions surrounding Defendants who are similarly situated that complained of the discriminatory practice and intentional discrimination by Defendants and were

8

continuously ignored by Defendants, its agents, representatives, servants, employees and/or brokers after the complaint was made.

44. Upon information and belief, there have been numerous persons in the protected class, specifically African Americans, in Plaintiff's residential district and in regions surrounding Defendant that were subjected to the same discriminatory practices by Defendant and suffered the same type of harm because of Defendants discriminatory practices and policies.

45. The policies and procedures of Defendants which require persons booking accommodation with Defendants' agents, brokers, representatives or servants to use their real or biological names, other identifiable personal information and to articulate reasons for needing public accommodations, have resulted into numerous members in the protected class (African Americans) being denied accommodations around the country. This adverse impact has not been suffered by non-members of the protected class.

46. Defendants' policy and practice of using third party data brokers like Facebook to gather personal identifying information such as photographic and visual representation of a customer, coarse-grain analysis of customer traits and biological names causes an adverse disparate impact on members of the protected class- African Americans including Plaintiff Hobzeck individually. This adverse disproportionate impact is not suffered by members outside the protected class.

47. Defendants' policy and practice of continuously marketing vacation rental properties as available despite previously having selectively rejected customers for the same time blocks perpetuates an adverse disproportionate impact on members

of the protected class. This policy does not adversely affect non-members of the protected class.

48. Defendants' policy of not addressing complaints of discrimination lodged against its agents or representatives by customers creates an adverse disproportionate impact against members in the protected class. This does not affect non-members of the protected class.

49. Detailed statistical data resulting from a January 6, 2016 Harvard University study has demonstrated that conduct, policies or practice from a similar platform as Defendants [Sharing Economy Accommodations Platform] have and continue to disproportionally disenfranchise African Americans from seeking public accommodations. See Exhibit 1.

50. Issues and questions of law and fact common to the members of the class predominate over questions affecting individual members and the claims of Plaintiffs are typical of the claims of the proposed class. Specifically, issues and questions of law and fact include allegations for violation of Title II of the Civil Rights Act of 1964, violation of Federal Civil Rights Statute 42 U.S.C. § 1981, violation of Fair Housing Act, Disparate Treatment and Disparate Impact in violation of the Fair Housing Act, Title II of the Civil Rights Act of 1964 and Federal Civil Rights Statute 42 U.S.C § 1981.

51. The action raises issues and questions of law and fact, which are common to the class members, including, but not limited to:

10

a. Whether Defendants knew or should have known of the discriminatory disparate treatment and disparate impact of it policies and practices upon members of the protected class compared to non-members.

b. Whether class members have systematically complained of the discriminatory treatment and adverse impact of Defendants' policies and practices.

c. Whether Defendants subsequently did nothing or ignored complaints of discrimination by class members because of its policies and practices at all times pertinent to this action.

d. Whether the Defendants requirement that booking guests use biological names and articulating reasons for accommodations enables an adverse discriminatory impact on the protected class.

e. Whether Defendants use of third party data brokers like Facebook to provide their agents or representatives with customer traits enables race discrimination.

f. Whether at all times pertinent to this action Defendants maintained procedures to address grievances concerning civil rights violations brought by members of the protected class against Defendants,' and their agents, employees, brokers, or representatives of any type.

g. Whether class members have suffered damages because of Defendants' pertinent discriminatory practices and policies.

    h. Whether members of the protected class have been disparately treated by Defendants,' agents, representatives, employees compared to non-members of the class in the provision of public accommodation.

    i. Whether the class is entitled to exemplary damages.

    j. Whether the class is entitled to injunctive relief pursuant to FRCP Rule 23.

52. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability of damages and relief sought.

53. The maintenance of this litigation as a class action will be superior to the other methods of adjudication in promoting the convenient administration of justice.

54. Plaintiff and all others similarly situated maintain this action and seek relief under FRCP 23(b)(1).

55. Plaintiff and all others similarly situated maintain this action and seek relief under FRCP 23(b)(2).

56. In the alternative, Plaintiff and all others similarly situated maintain this action and seek relief under FRCP 23(b)(3) because the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

57. Plaintiff Yvette Hobzek will fairly and adequately assert and protect the interests of the class because her claims are representative of and co-extensive with the claims of the class. The discriminatory policies, practices, and conduct of Defendants have directly affected Hobzek.

## COUNT 1

## VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1964

58. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*

59. Title II of the Civil Rights Act of 1964 explicitly prohibits discrimination in places of public accommodation, such as hotels, motels, restaurants, movie theatres and sports arenas.

60. Defendants are an establishment affecting interstate commerce or supported in their activities by the State as places of public accommodation and lodgings.

61. Specifically, Defendants operate as is an inn, hotel, motel or other establishment, which provides lodging to transient guests.

62. Plaintiff Yvette Hobzek was denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the public accommodation as defined in the sections of this count because of her race as an African American. The same discriminatory actions have been unleashed on persons who are similarly situated to Plaintiffs.

63. **WHEREFORE,** for the claim of Violation of Title II of the Civil Rights Act of 1964, Plaintiff, individually, and on behalf of others prays for judgment against Defendants for all damages allowable by law, including injunctive, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## **COUNT II**

## **VIOLATION OF FEDERAL CIVIL RIGHTS STATUTE 42 U.S.C. § 1981**

64. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*

65. By the above acts, Defendants violated 42 U.S.C § 1981 by discriminating against Plaintiff individually and others similarly situated because of her race as an African American [black].

66. Section 1981 guarantees freedom from racial discrimination in the making, enforcement, performance, modification, and termination of contracts.

67. Section 1981 also guarantees enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

68. Plaintiff's use of the Defendants' service for housing accommodation falls under section 1981 protection.

69. Defendants' agent or employee refused to provide rental accommodations to Plaintiff because she was African American.

70. Defendants' agent, representative, servant or employee purposefully and intentionally discriminated against Plaintiff because of her race. Any reasons given by Defendants' agent were a mere pretext for discrimination.

71. **WHEREFORE,** for the claim of violation of Federal Civil Rights Statute 42 U.S.C.§ 1981, Plaintiff, individually and on behalf of others prays for judgment against Defendants for all damages allowable by law, including injunctive relief, statutory damages, unlimited compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate,

attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## COUNT III

## VIOLATION OF THE FAIR HOUSING ACT

72. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

73. The Fair Housing Act prohibits discriminatory practices on the basis of race by housing agents for rental accommodations.

74. By the above acts, Defendants violated 42 U.S.C. § 3604(a), 3604(b), and, 3604(d).

75. Specifically, Defendants' agent was not truthful in disclosing information concerning the availability of housing. Any reasons given by Defendants' agent were a mere pretext for discrimination.

76. Plaintiff was the object of a misrepresentation made unlawful under the Fair Housing Act and suffered the precise injury that the statute was designed to guard against.

77. **WHEREFORE,** for the claim of violation of the Fair Housing Act, Plaintiff, individually and on behalf of others prays for judgment against Defendants for all damages allowable by law, including injunctive, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## COUNT IV

## DISPARATE IMPACT IN VIOLATION OF THE FAIR HOUSING ACT, TITLE II OF THE CIVIL RIGHTS ACT OF 1964, AND FEDERAL CIVIL RIGHTS STATUTE 42 U.S.C. § 1981

78. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

79. By the above acts, Defendants' policies and practices have created a disproportionate adverse effect and segregative effect on African Americans.

80. Defendants' policies and procedures that require booking customers to use biological names, other personal identification, and forces putative class members to articulate their reasons for seeking public accommodations have a disproportionate adverse impact on African Americans, the protected class, as compared to non-members of the protected class. Defendants do not have a business necessity for using such policies and procedures.

81. Defendants' policy and practice of using third-party data brokers like Facebook to determine customer traits creates an adverse disproportionate impact on members of the protected class including Ms. Hobzek individually. This adverse impact is not suffered by non-members of the protected class.

82. Defendants' policy of allowing continuous marketing of vacation rentals despite previous denials for the same time blocks results into "*selective contracting*" which disproportionately affects members of the protected class. This adverse impact is not suffered by non-members of the protected class.

83. Defendants' failure to address complaints of racial discrimination brought against its agents or representatives by customers enables discrimination and has an adverse impact on members of the protected class.

84. By the above acts, Defendants' policy or practice perpetuates segregation and thereby prevents interracial association.

85. **WHEREFORE,** for the Disparate Impact claim pursuant to the Fair Housing Act, Title II of the Civil Rights Act of 1964, and Federal Civil Rights Statute 42 U.S.C. §198, Plaintiff, individually and on behalf of others prays for judgment against Defendants for all damages allowable by law, including injunctive, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## COUNT V

## DISPARATE TREATMENT IN VIOLATION OF THE FAIR HOUSING ACT, TITLE II OF THE CIVIL RIGHTS ACT OF 1964, AND FOR VIOLATION OF FEDERAL CIVIL RIGHTS STATUTE 42 U.S.C. § 1981

86. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

87. By the above acts, the Defendants, their agents, representatives, servants, or brokers intentionally discriminated when their representative denied Plaintiff and others similarly situated accommodations based on race.

88. Plaintiff presents an inference of discrimination for which Defendants do not and cannot offer a legitimate non-discriminatory reason for their actions.

89. **WHEREFORE,** for the Disparate Treatment claim pursuant to the Fair Housing Act, Title II of the Civil Rights Act of 1964, and Federal Civil Rights Statute 42 U.S.C. §1981, Plaintiff, individually and on behalf of others prays for judgment against Defendants for all damages allowable by law, including injunctive, statutory damages, compensatory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, and such other and further relief as may appear warranted by this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Yvette Hobzek, and on behalf of all others similarly situated prays for judgment in her favor and against Defendants for: any and all damages acceptable by law, including compensatory damages, statutory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, relief pleaded in the preceding paragraphs, injunctive relief and such other and further relief as Plaintiff may be entitled to by bringing this action.

## JURY DEMAND

## PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CASE

Respectfully submitted on this 12th day of September 2016.

**EMEJURU & NYOMBI LLC**

By: */ s /* Ikechukwu Emejuru\_\_\_\_
 Ikechukwu "Ike" Emejuru, Esq, Bar No. 19262
 Andrew Nyombi, Esq, Bar No.19353
 Emejuru & Nyombi L.L.C.
 Attorneys and Counselors at Law
 8403 Colesville Road
 Suite 1100
 Silver Spring, MD 20910
 Telephone: (240) 638 – 2786
 Facsimile: 1-800-250-7923
 iemejuru@enylaw.com
 anyombi@enylaw.com

*Attorneys for Plaintiff Individually and others similarly situated*